READ BROTHERS *v.* CHARLES G. TAFT.

Where to an action for the price of liquors sold in a neighboring State, the defendant pleaded in bar the provisions of the act for the more effectual suppression of drinking houses and tippling shops: *Held,* That the plaintiffs were entitled to judgment, the said act avoiding and making penal only sales made within this State.

THIS was an action of assumpsit commenced in the Court of Common Pleas, in which the plaintiffs, citizens and residents of New York city, sought to recover of the defendant, resident of Providence, payment of a book account claim filed, for 15 barrels ale charged defendant April 8, 1854, as alleged. To this action the defendant filed a special plea in bar, that the promises declared upon were made for the value of intoxicating liquors, to wit, ale, by the said plaintiffs sold to the defendant contrary to and in violation of the provisions of the act entitled " an act for the more effectual suppression of drinking houses and tippling shops." To this plea no replication was filed by plaintiffs:—but an agreement was entered into by the parties comprehending the stipulations and admissions following: That the sum claimed had never been paid to the plaintiffs by the defendant: That the defendant by letter requested the plaintiffs to send

him the said fifteen barrels of ale at the price charged, which the plaintiffs accordingly did: That at the time the plaintiffs received said letter, and when they sent said ale, they were doing business in the city of New York, under the firm name of Read Brothers: and that if the defendant's said plea in bar should be sustained by the Court, judgment should be rendered for the defendant for costs: if overruled, judgment should be for the plaintiffs for debt and costs.

The Court, upon argument, sustained the plea, whereupon the plaintiffs excepted to the ruling.

*Dickman* for plaintiffs.

*Blake* for defendant.

STAPLES, C. J.—The parties in this case have agreed that if defendant's plea in bar be sustained, judgment shall be rendered for the defendant for his costs, and if not sustained, that judgment shall be for the plaintiffs for seventy-seven dollars fifty cents and costs.

The fact set up by the defendant in his plea in bar to the plaintiffs' right to recover, is that the promises of the defendant for the non-performance of which this action was brought, were made by the defendant for ale sold by the plaintiffs to the defendant contrary to the provisions of the act entitled an act for the more effectual suppression of drinking houses and tippling shops.

According to the facts in the case agreed on by the parties, this sale was not made in this State. The act referred to avoids and makes penal only such sales as are

made in this State, by persons not the authorized agents of towns, and sales by such agents not for medicinal and mechanical purposes. The sale declared on was not, therefore, contrary to the provisions of said act, and the plaintiffs, according to the agreement of the parties, must have judgment for $67 50 and costs.